This is number 137029, Sneed against the Secretary of Veterans Affairs, Mr. Burgess. Good morning and may it please the Court, Bill Burgess on behalf of Marva Sneed. I'd like to reserve three minutes for rebuttal. The Court should clarify for the Veterans Court that attorney abandonment is a ground for equitable tolling. The Supreme Court has given important recent guidance in Maples and Holland, the issues presented and fully briefed here, and the Veterans Court's failure to apply the Supreme Court's recent guidance on attorney abandonment resulted in misuse. I thought they did apply attorney abandonment in a recent case. Am I mistaken? If you're referring to the Metris case that we sent in the 28J letters, that indicates that the Veterans Court is aware of Maples and Holland. It didn't take a position one way or another as to whether attorney abandonment was a ground for tolling in that case. The way the Veterans Court disposed of Metris was the person had an attorney abandonment claim and there was no attorney involved. It was a service organization, and I think the ground for the decision was that precedent treats service organizations differently from attorneys, so the claim wasn't even presented. In that case, the Veterans Court didn't say attorney abandonment is a ground for tolling and it didn't say that it isn't. It just didn't take a position because it wasn't presented there. I think it is presented in this case, and regardless of whether the Veterans Court has thought more about it in subsequent cases, the state of the Veterans Court's precedent is still unclear. The difficulty I'm having with your position is that loathed as we are to issue advisory opinions, if it's clear from the record, even accepting that attorney abandonment is a ground for tolling in that case, why am I wrong about that? What do you say the standards are for attorney abandonment? You have to show that it was a central compelling fact and that there was reasonable due diligence by the person asserting it, right? And so have not those questions already been answered by the Veterans Court in its analysis, notwithstanding that they didn't refer to attorney abandonment, frankly, because I think it was not really raised before them. So I guess there are a couple of parts to that question. Let's start with the most recent one first. We admit that Ms. Sneed's attorney abandonment claim, as we pitched it on appeal, was not as artfully raised below, but we think it was raised. And the standard is set out in particular focuses on this. It's common law agency principles. And there's the breakdown of an agency relationship. And let's remind the court, this was not a technical argument. It's not a footnote. It's not one of 10 arguments. This was her only argument. And she alleged the severing of an agency relationship on the eve of a deadline. And I think the Supreme Court standard in Nelson is that the Veterans Court was fairly put on notice of the issue. And she didn't, we'd be in much better shape if she said Maples and Holland, and maybe the court would have even I wasn't suggesting that we go on a waiver thing. I was just mentioning that in passing. What about the standards for attorney abandonment? And why did the Court of Veterans Claims findings with respect to her failure to exercise due diligence? And that whole time period that they relied on? Why, given that we particularly since we defer to those fact findings, why that doesn't already answer the question, even if the question is attorney abandonment or not? So two points in response to that. First, we think the Veterans Court started off by asking the wrong question. And all the fact findings we think are infected by that. But specifically on the diligence finding, we don't think that that's a finding of lack of diligence that's an independent basis to sustain the judgment. We think diligence has two components to it. The first question is, could a reasonable person have met the deadline under the circumstances? And if not, the second part is, if not, how long should the deadline have been told? The Court uses the word diligence, but there's no finding we submit that a reasonable person in misdemeanor circumstances could have met the deadline so that she wasn't reasonably diligent. I thought that's what the analysis was. I mean, she was not one day late or even three or four days late. She was several weeks late. And there was no explanation as to why necessarily there was any basis for that. And indeed, I mean, I think you would agree, right, the Holland case by the Supreme Court, I mean, in connection with attorney abandonment, they did use the term reasonable diligence, did they not? They do. In Holland and Maples, the facts are extraordinary. And in both cases, we think that the facts of those cases just sail over the bar. I mean, in Holland, the petitioner was a better attorney than his actual attorney, and he would repeatedly correct his attorney. No, I know. But let's look at the facts here and the findings the Veterans Court made. Is it not the case that they said there was no reasonable diligence here? Because she had weeks that went by. It wasn't like she filed it two days later and said, I blew it because this attorney told me the deadline was, I forget the dates, August 5th as opposed to August 3rd or something. There was like several weeks that passed after that, and there was no explanation as to how she satisfied the diligence and no suggestion that she was missing. I think the first thing is, the first question you have to ask is whether she would have met the deadline. Setting aside the 29 days, could she have met, could a reasonable person in her circumstances have met the initial deadline? We don't think there's any analysis of that. And as for the 29 days. Yeah, but why does that matter? That's not the issue. I mean, she didn't file. You're right. If she had filed two days later, then that may have been the issue. But doesn't she have to account? Even if she's late, doesn't mean that she can be late for a month or two or three. If your excuse for being late is a day or two, goes to the heart of the case, which is a day or two. Am I missing something about the facts in this case? I mean. Not about the facts. No. If I understand the question, I think the answer is that that goes to how long the deadline should be told. And that comes after answering the question, whether she could reasonably have been expected to meet the deadline in the first place. Well, why couldn't the Veterans Court have said, which I think it kind of did, it's like, we don't have to decide. I mean, why can't we say? We don't have to decide whether she could have told it. And I think she can. I mean, there's equitable tolling, right? Whether she could have told it for two days. The facts before us is that she's seeking a tolling of 30 days. And there's no case to be made that she exercised reasonable diligence during that entire period. I mean, we can, you can frame the issue that way, fair enough. But that's not necessarily the way we or the Veterans Court would necessarily frame it. Well, I think there is a case to be made that the 29 days is a reasonable period to toll it. And we don't think the Veterans Court reached that question. Didn't they have discussion about reasonable diligence? And isn't that a discussion that we have to defer? We can't even go there in terms of their conclusions with regard to reasonable diligence? The Veterans Court used the word diligence. We think the Veterans Court started off with the wrong legal standard. And if the Veterans Court's applying discretion or finding facts, but it starts off on the wrong foot and its discretion is not informed by the proper legal standard, then that's fair. How is diligence, you mean, diligence means something different in the context of attorney abandonment than it does with regard to equitable tolling? I don't understand that. I hope I'm not just repeating myself. I think there's... Well, I am, sir. No, okay. Maybe I'm not answering the question as directly as I should. So let me try this again. I think there are two questions. The first one is, sitting the day after the deadline where no notice of appeal has been filed, was she diligent up to that point? The second, if you think that... If the answer to the first question is that a reasonably diligent person in her circumstances could not have been expected to get to the mailbox in time to file a notice of appeal after getting this letter from her attorney, that means the deadline is tolled. And the second question is, how long should the deadline be tolled? We think diligence is a factor in that inquiry. We don't think the Veterans Court reached it. And we think there was a 120-day period to appeal, and Ms. Eagle had Ms. Snead's files for 110 days. We're not saying we necessarily get 110 days of tolling, but for almost the entire appeal period, she thought she had an attorney representing her. Where does her statement in her... There's Ms. Snead's statement in her letter where she says, I was dealing with Ms. Eagle for a year to come in. Because she had that file for 110 days, but I know it's in there. I've been talking with her office for a year or longer. Yeah, the record says that Ms. Eagle's letter says a year, Ms. Snead confused us too. We called her and asked, and this is starting off that this is not in the record, and I put it in the opening brief so we could have it out in the open, the government could respond. We asked, and she said her first contact with Ms. Eagle was after she got the decision. So I don't know why Ms. Eagle said a year, I don't know why Ms. Snead said a year, it's not in the record, and that's a troublesome detail. I mean, that's just the best I can say. She assumed that she had representation, but during the period when it turns out that after all, she didn't have the lawyer she thought she did, the brief says that she had trouble finding a lawyer in this period and so on. But I didn't see, at least in the briefing, the details as to, well, I tried such and such, or I was looking for, I went to the Veterans Associations, or I was looking for pro bono representation, or whatever it is that took that lawyer, and your appeal filed within a month. It looks as if a certain amount of effort went into it, but was all of that in the record someplace? No, and the reason we didn't go into any detail on that is because the record doesn't go into any detail at all. We thought it would be a natural question for the court to ask, so we thought we should clear that up, but as far as what she did on specific days, we thought that that would be venturing a bit too far outside the record, and we think that that's an inquiry for the Veterans Court on remand. If there was a remand. Was it offered? I'm sorry, go ahead. Was it offered to the Veterans Court? No, and what we have in, everything in the Joint Appendix is what was offered to the Veterans Court. There was her initial notice of appeal where she had a note on this saying, I'm late, I thought I had an attorney. There's her letter where she follows up, and again, this is her handwritten letter on September 7th, and then there's her brief where she has an attorney, and that includes the attached letters from Ms. Eagle, but no, there's nothing else other than what's in the appendix, and the brief too. But it isn't, it seemed to me, and an easier question is whether the specific three or four criteria that the Veterans Court said had to be met for, in order to toll the statute, are quite rigorous, but so even if we were to say, no, that's too rigorous, there's more flexibility, you have to do case by case. Still, that was really the thrust of my question, all right, what excuses, what diligence, whatever was offered, what's required to be offered, are we to assume that, well, it takes a month once you're abandoned by your lawyer, it's not unreasonable to take a month just told it automatically, which seems to me what we're being asked to do. Well, so to be, I think there are a couple points in response to that. To be clear, we're not asking the court to decide how long any tolling should be applied. We're not asking the court- Well, we have to decide whether it was told in this period of time, in the month that- And the Court of Appeals for Veterans Claims would have to decide that. Our argument is, I mean, the court has a narrow jurisdiction just to review legal rules applied by the Veterans Court, and our argument is just the Veterans Court applied the wrong legal rule, remand for it to apply the correct legal rule. We're not asking the court to reverse on the tolling issue, the Veterans Court needs to decide it in the first instance under the correct standard, and our argument is that it didn't. But they made a factual finding, did they not, that the 29 extra days beyond what would have been, I think they recognized as a basis for equitable tolling were the result of general negligence and procrastination and the absence of her exercising due diligence. Now, we don't get to review those findings, we can only accept them, right? So we have those factual findings, right? And our argument is that it's not a factual finding under the correct legal standard. I mean, yes, if the court's view is that that is a factual finding under the correct legal framework for diligence and that that's an independently sufficient ground, then basically we've got nothing in response to that, to be honest. We don't think that is a factual finding, we think that's a conclusion, and we think it's under the wrong legal framework for diligence. So if it was a factual finding, but it was under the wrong legal framework, you'd still believe that it should go back? Yes, and to the extent of the factual finding, we think it starts off, we think it's got an erroneous basis for it in the law. Would a reasonable person have met the deadline under the circumstances, and if so, how long should there be a tolling? And Ms. Siegel had Ms. Steed's files for 110 days, and we think that how long the tolling should be would be a question to be sorted out and remanded. But you're not disagreeing that the standard for attorney abandonment is the exercise of reasonable diligence, which is what the finding is about here, and some other standard which seems to me to be quite consistent with the findings here, right? I mean, can you call out anything, any inquiry under the attorney abandonment standard that would result in a different analysis, different evidence, other than what they did, would look at her conduct for those extra time periods, say there was procrastination and there was failure to exercise due diligence, what additional standard under attorney abandonment would be called out to decide this case? In MAPLES, the question is whether there was a severance of an agency relationship such that it's not equitable to put the consequences of missing the deadline on Ms. Steed. There was no... You don't think that under attorney abandonment that whether or not she exercised due diligence for the period in which she took to ultimately file it is a relevant and important factor? There is a second diligence prong to the attorney abandonment test. I don't think we're disagreeing on that. Still, the content of that prong, I think that that's sort of the two prongs. Was there abandonment in the first place and was there diligence? Just got a few seconds for you, but I would like to see if I can. Okay, let's hear from the secretary. Mr. Klingman. May it please the court. Ms. Steed's appeal should be dismissed for lack of jurisdiction because she challenges the application of the doctrine of equitable tolling to the facts of her case. If this court finds that it possesses jurisdiction, the decision of the United States Court of Appeals for Veterans Claims should be affirmed because the Veterans Court applied and interpreted the equitable tolling doctrine correctly. Has the Veterans Court repeatedly failed to recognize attorney abandonment as a basis for the government has no response to that argument? So I want to know if you do. The only case that we are aware of and that counsel has raised, Ms. Steed has raised in her brief and her 28-J letter that explicitly addresses attorney abandonment is the Metris case. And that's the only case we're aware of as well where the petitioner explicitly raised the issue of attorney abandonment. Nevertheless, the important fact and the application in this case is that the Veterans Court addressed all of Ms. Steed's argument regardless whether Ms. Steed used the label attorney abandonment or an equivalent label. I don't understand your answer. Just to be clear on what your answer to Judge Wallach is, has the government and or the Veterans Court or the board specifically ruled ever that attorney abandonment is inapplicable? Not that we are aware of, Your Honor. We are not aware of any cases in which the Veterans Court has... Have they ever suggested it? I mean, why is the other side getting this sort of theory? It is not clear to the government of why Ms. Steed raises that argument because we're only aware of one case in which the term attorney abandonment or its equivalent was ever used by a petitioner and therefore addressed by the Veterans Court. In the cases that are unpublished cases that Ms. Steed cites, the issue of attorney abandonment never came up. Nevertheless, Ms. Steed doesn't argue in those cases. Well, let me read from the language. I mean, she cites the appellant, Jackson V. Shinseki, the appellant's remedy may be against the attorney in state court in a claim for legal malpractice. Filing delays, duty and attentive representation are not one of the circumstances under which the court will consider equitable tolling. That sounds to me like the Veterans Court is saying that attorney misconduct doesn't create equitable tolling. And I find that disturbing and they say, you haven't got a response. I'm asking for your response. Well, the Veterans Court in those unpublished decisions, Jackson and Rose, cases could be interpreted as applying the standard that the Supreme Court in Holland applied and in other cases has applied, which is that mere general negligence, such as an attorney's miscalculation that leads the lawyer to miss a filing deadline does not warrant equitable tolling. The question is, whose negligence? How do you reconcile all of this with the philosophy and policy that the court represented in Henderson, that particularly in dealing with veterans who find themselves, as in this case, in a difficult situation, that one must look at least generously on the issues. And that's why, unless you're saying that absolutely a delay of one month was just pure negligence and that this petitioner should have done a lot of things that she didn't do, how do you get around the policy of Henderson? We're not trying to get around the policy of Henderson at all. We believe that in this case, which is ultimately our position in this case. You're saying the Supreme Court doesn't apply to veterans cases? The Supreme Court absolutely does apply to veterans cases. Our position is that the by the Supreme Court in Henderson, which held that there's no jurisdictional bar. But they also said that there were three or four strict requirements that needed to be met, which weren't met here, where there were other reasons they were not as rigorous. And it does strike one that you can't find that in any of the Supreme Court decisions relating to veterans. The decision in this case cited both and the three factors, which are inclusive factors and are preceded by the phrase such as. In fact, the entire Boe test is preceded by the phrase, for example, the court in Boe was citing cases by this court addressing specific circumstances, such as mental illness, failure to file in the correct forum, filing either at the regional office or before the board instead of at the veterans court and reliance on an incorrect statement of a VA official. The court in Boe was following this circuit's precedent. The test that the court used in Boe and in this case is entirely consistent with the test that Holland employed. And Holland was citing previous Supreme Court cases. The test in Holland is whether the petitioner has been pursuing her rights diligently and some extraordinary circumstances stood in her way and prevented timely filing. That is precisely the analysis that the court in this case used in addressing all of the arguments that Ms. Snead made. The court made findings that Ms. Snead did not pursue her appeal diligently, that circumstances leading to her late notice appeal were not extraordinary, but rather evidence of general negligence. Was there an explicit finding of lack of diligence? I thought that what the veterans court held was that these three experiences, which were not that unusual in veterans appeals, were not met, such as filing in the wrong court. No, the veterans court found that Ms. Snead failed to demonstrate that despite her exercise of due diligence, circumstances prevented her from timely filing her notice of appeal. That was one of the veterans court's findings. She said that it took her a month to find counsel and to fill the gaps when she was abandoned by a lawyer that she'd had for a year. I believe what Ms. Snead argued is that she was unable to find counsel. She obviously found counsel, but she said that it took a while. Doesn't it take a while to do that? Well, in fact, the veterans court found in this case that Ms. Snead filed her notice of appeal by facsimile without an attorney, and subsequently found an attorney, and that attorney subsequently entered his notice of appearance. It's not that easy, perhaps. It's not that easy to find representation if you're just an ordinary person who's not used to dealing with the courts, doesn't have lawyers at their As I recall from the briefs, because she was having trouble finding counsel. That was her statement to the veterans court. The veterans court addressed that argument and made a factual finding and a finding applying the law of equitable tolling to the facts of her case that Ms. Snead did not exercise due diligence and that no extraordinary circumstance prevented timely filing. So that is a very explicit finding of diligence based on a representation of what she had done day by day. I had asked Ms. Snead's counsel, and he said that that wasn't in the record. Well, that particular fact is not in the record as far as we are aware, but what is evident from the record is that Ms. Snead, through counsel, made certain arguments to the veterans court, and the veterans court addressed those arguments and made several findings, including that Ms. Snead received the attorney's letter declining to represent her before the filing of the notice of appeal, that the attorney's letter specifically stated that Ms. Snead was not required to have an attorney to proceed before the veterans court, and that Ms. Snead filed her notice of appeal, that the veterans court held, as they did, that there was no extraordinary circumstance justifying being late at all. Is that not correct? In this case, the veterans court did find that circumstances leading to her late notice of appeal were not extraordinary, but rather evidence of general negligence or procrastination. So in light of Henderson, isn't what the court is saying exactly what is argued in the blue brief on page 11, or in the reply brief on page 11, and that is that the veterans court is taking the position that when an attorney fails to adequately represent a client before the veterans court, that that's not an extraordinary circumstance justifying some form of tolling? Isn't that what they're holding? I know, Your Honor, the veterans court never made any explicit... They're saying it's not an extraordinary circumstance. They're saying that in this case, the circumstances of Ms. Snead's appeal of her case were not extraordinary. The veterans court never made a per se rule that attorney abandonment could not be a attorney abandonment, and certainly did not preclude the possibility. Where is something other than what we see on page 11? It takes me back to the question I started with, and that is, how do you answer them? Where is something where the veterans court says, okay, this is one where an attorney's conduct was such that it does constitute extraordinary circumstances? The Metras case, in the Metras case, the veterans court addressed the petitioner's argument that his attorney had abandoned him, and where he cited Holland and Maples, and said that his case, the Fax's case, were analogous to Holland and Maples. We don't have that here. The veterans court did not explicitly address attorney abandonment because Ms. Snead did not explicitly raise that issue or cite Holland and Maples. However, the veterans court did consider all of the arguments that Ms. Snead made, and addressed those arguments, and applied the correct standard of equitable tolling, reasonable diligence, and extraordinary circumstances that prevent timely filing, as stated by the Supreme Court, this court, and the veterans court. Is it your understanding that the veterans court was not really looking at two days? I mean, as if she had filed this two, or three, or four days after her attorney, or this person sent her the letter, but the veterans court was looking at the 29 days that it took after that time period, and that was their emphasis on diligence, and so forth? Yeah, the veterans court looked at the totality of the circumstances, including the 29 days of late filing, and the fact that Ms. Snead's attorney's letter specifically stated, you do not need an attorney to proceed before the veterans court, and the fact that Ms. Snead received the letter before the deadline for filing her notice of appeal. The veterans court addressed all of those facts, considered all of those arguments, and applied the doctrine of equitable tolling to those facts and circumstances, and concluded that, in this case, equitable the court used the phrase attorney abandonment, or Ms. Snead used the phrase attorney abandonment, the court did consider all of the arguments she raised, and there is no issue of interpretation regarding the test that the veterans court employed. It is consistent with the decisions of the United States Supreme Court, this court, and the veterans court. But it's also consistent with an interpretation that says that there is no extraordinary circumstance. In this case, there was no extraordinary circumstance given the facts of the case, including that the... That's not the 29 days. The 29 days, it was all taken of a piece, but the veterans court found that the letter stated that she's not required to have an attorney, and regardless of whether the attorney misinformed Ms. Snead of the NOA due date by two days, she filed her notice of appeal 29 days after him due. Therefore, Ms. Snead fails to demonstrate that despite her exercise of due diligence, circumstances prevent her from timely filing her notice of appeal. So the court looked at the totality of the circumstances and applied the equitable tolling test, including diligence and whether extraordinary circumstances prevent a time of filing, and concluded based on all of the facts that equitable tolling was not warranted in this case. The veterans court considered the arguments Ms. Snead raised, including her arguments regarding attorney conduct, correctly interpreted the equitable tolling doctrine and applied that doctrine to the facts surrounding Ms. Snead's untimely notice of appeal. The veterans court found that Ms. Snead failed to demonstrate that despite her exercise of due diligence, extraordinary circumstances prevented her from timely filing her notice of appeal. Accordingly, Ms. Snead's appeal should be dismissed for lack of jurisdiction, or if this court finds that it possesses jurisdiction, the decision of the veterans court should be approved. Thank you, Mr. Klingman. Well, let's give Mr. Klingman his rebuttal time. I'm sorry, Mr. Bridges, please proceed. Thank you, Judge Newman. There are two points I'd like to make in rebuttal. I think the question Judge Post and I were going back and forth on it, I think a better answer might be at pages eight and nine of our reply brief. The question is whether the veterans court actually made a finding of diligence. And the key is these two sentences on A49. The first sentence, I'm just going to read it. It says, and regardless of whether attorney Eagle misinformed the appellant of the NOA due date by two days, the appellant filed her NOA 29 days after it had been due. Thus, the appellant fails to demonstrate that despite her exercise of due diligence, circumstances prevented her from timely filing her NOA. There's a logical disconnect there. As we say in the reply brief, there's no thus. There are two separate questions there that the court has just lumped in the last sentence, and it's just stating a conclusion. And that's basically the best argument we've got, that there's no diligence finding. We think that's just a conclusion. We think there's a logical disconnect. And we don't think that that is enough to count as a factual finding, especially considering this court's limited standard of review. The second point I wanted to make was about the BOEF test. Government argues that the BOEF test is sufficiently open-ended to account for attorney abandonment. The government has not said whether the CAVC has actually come down in one way or another. And if you look at BOEF, we think that the analysis in BOEF is consistent with the idea that you have these boxes into which an equitable tolling argument has to fit. BOEF was the CAVC's big case after Henderson to decide how attorney abandonment works. And they had four cases consolidated. And they said there are these, they did use the word such as, and they said it's open-ended, and we think that's correct. And there are these three boxes which are presumably the most common types of equitable tolling the government, equitable tolling arguments the CAVC would confront. There's mental illness, reliance on an incorrect statement of a VA official, or misfiling at the office. Two of the cases fit into one box, mental illness, and I think it turned out from the record that one of them was in fact timely filed. And once the CAVC got into that box, they said, okay, let's look at the law that applies to this box. And said, is the mental illness sufficiently disabling that this person gets tolling? And the other one was misfiling at the regional office, and that's pretty straightforward. If it's timely but misfiled at the office, then there's tolling. And the point of this is BOEF acknowledges the potential that there could be another box like attorney abandonment, but all the government hangs its hat on are the words such as. And we think that just block quoting BOEF and using the words such as is not sufficient to demonstrate that the CAVC applied the correct legal standard here. And we think this is important. The CAVC is only recently back in the tolling business after Henderson. For 10 years, there was tolling, and then for three years, there wasn't tolling. And now the CAVC is newly getting into addressing tolling arguments. The Supreme Court has given important guidance in Henderson, Maples, and Holland. And we think that you need to escape the Veterans Court here. It's at best ambiguous. It needs to be clarified for the Veterans Court. If there are no further questions, then thank the court for its time. And thanks also for inspiring my rebuttal. Thank you, Mr. Burgess. And thank you, Mr. Freeman. The case is taken into submission.